**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ADAM JOSHUA CORTEZ, | ) | |
| ID # 43540-177, | ) | |
| Movant, | ) | No. 3:14-CV-3490-M-BH |
| vs. | ) | No. 3:11-CR-0280-M |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received September 26, 2014 (doc. 2), should be **DENIED** with prejudice.

## I.  BACKGROUND

Adam Joshua Cortez (Movant) challenges his federal conviction and sentence in Cause No. 3:11-CR-280-M.  The respondent is the United States of America (Government).

### A.    Factual and Procedural History

On September 20, 2011, Movant was charged by indictment with enticement of a minor in violation of 18 U.S.C. §§ 2422(b), 2426 (count one), and with committing a felony offense involving a minor while required to register as a sex offender in violation of 18 U.S.C. § 2260A (count two). (*See* doc. 1.)[1]

In July 2011, a Garland Police Department detective conducted an online undercover investigation of people who were seeking to exploit minors.  He pretended to be a fourteen-year old female named Britany and entered an internet chat room.  Movant began communicating with

---

[1]  Unless otherwise indicated, all document numbers refer to the docket number in the underlying criminal action, 3:11-CR-249-D(1).

Britany in the chat room. (*See* doc. 70 at 141-150, 159-61; doc. 71 at 5.) The conversation turned to sex; they discussed meeting in person and Movant said he could "get a room." (*See* doc. 71 at 22-29, 32-34.) He set up a live video feed though his webcam for Britany to observe, and the detective observed Movant masturbating. (*See id*. at 43-48.) Movant asked Britany to text him nude photographs of her. (*See id*. at 50, 55, 58.) He engaged in further sexual conversation, expressed his desire for sex with her, and texted a photo of his penis. (*See id*. at 51, 54-55, 62-63.) They arranged to meet, and on that day, he obtained the address to Britany's apartment complex. (*See id*. at 32-34, 63, 66, 73-74.) He again told Britany he wanted to have sex with her. (*See id*. at 74-75.) He also said he was afraid that Britany was not real and was "a cop setting me up", and he did not go to the apartment complex to meet her. (*See id*. at 78.)

The police were able to determine Movant's name and address and that he was a registered sex offender. (*See id*. at 67-71.) The detective obtained and executed a search warrant for his residence. (*See id*. at 86-87.) He recognized Movant's bedroom and objects in the bedroom from the webcam session he had observed. (*See id*. at 90-92.) An analysis of Movant's computer showed he performed an internet search and map search for the address of Britany's apartment complex. (*See id*. at 232-33.) His computer contained hundreds of sexually explicit or pornographic images of young females in their teens or early adulthood. (PSR ¶ 23.)

Movant was convicted by a jury. (*See* doc. 52.) He was sentenced to 240 months' imprisonment for count one and 120 months' imprisonment for count two, to run consecutively, and a life term of supervised release with special conditions of supervision. (*See* doc. 64 at 2-4.) The judgment was affirmed on appeal. *United States v. Cortez*, 543 F. App'x 411, 412 (5th Cir. 2013).

B.     **Substantive Claims**

Movant raises the following grounds:

(1) Trial counsel was ineffective because he:

    (a) facilitated the violation of the Speedy Trial Act and forfeited Movant's right to a speedy trial;[2]

    (b) failed to consult with Movant and failed to subject the Government's case to meaningful adversarial testing;

    (c) failed to seek a psychosexual evaluation before providing advice on whether to proceed to trial;

    (d) failed to seek and secure a bench trial as instructed; and

    (e) failed to object to overbroad and onerous special conditions of supervised release.

(2) Appellate counsel was ineffective for raising only one issue.

(3) The sentence constituted cruel and unusual punishment.

(3:14-CV-3490-M, doc. 3 at 6.) The Government filed a response to the § 2255 motion on November 21, 2014. (*Id.*, doc. 6.) Movant filed a reply brief on January 12, 2015. (*Id.*, doc. 10.)

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

---

[2] The Government appears to construe this ground as asserting that counsel should have filed a motion to dismiss for lack of a speedy trial after seeking the continuances. (*See* doc. 6 at 15-16.) Movant instead appears to assert that counsel should not have moved for continuances, and if he had not, the case would have been dismissed for lack of a speedy trial.

3

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *See Strickland*, 466 U.S. at 687. A failure to establish either prong of the test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong

4

presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

The federal constitution also guarantees a criminal defendant the effective assistance of

counsel on appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Whether appellate counsel has been ineffective is also determined by using the standard enunciated in *Strickland*. Under *Strickland*, the movant must show a reasonable probability that but for his counsel's deficient representation, he would have prevailed on his appeal. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.' " *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462–63 (footnote and citations omitted). To determine whether appellate counsel was deficient, courts must consider whether the challenge "would have been sufficiently meritorious such that [counsel] should have raised it on appeal." *Phillips*, 210 F.3d at 348.

**A.     Speedy trial**

Movant contends trial counsel facilitated a violation of the Speedy Trial Act and forfeited his right to a speedy trial by filing three motions for continuance without consulting him. (*See* docs. 14, 17, 19.) He contends that if counsel had not moved for continuances, the Government would not have been ready for trial within the statutory seventy-day period under 18 U.S.C. § 3161(c)(1) and his case would have been dismissed under the Speedy Trial Act.

The Speedy Trial Act provides that when a defendant pleads not guilty, trial shall commence within seventy days either from the date the indictment was filed or the date of his first appearance

in court, whichever is later. *See* 18 U.S.C. § 3161(c)(1). A delay resulting from a continuance granted at the request of either party based on the finding that the ends of justice outweigh the interest in a speedy trial is excludable from this seventy-day time period, however. Factors to be considered in determining whether to grant such a continuance include whether the failure to grant the continuance would result in a miscarriage of justice, or whether the case is so unusual or complex due to the number of defendants and the nature of the prosecution and facts or law that seventy days is an unreasonably short time for adequate trial preparation. *See* § 3161(h)(7)(A), (B).

Here, each motion for continuance contained a signed acknowledgment by Movant that he was advised of his constitutional and statutory rights to a speedy trial, that he and counsel discussed the discovery provided by the Government, and that counsel sought a continuance to continue to review the facts and law and to further consider the appropriate course to take. (*See* doc. 14 at 4; doc. 17 at 4; doc. 19 at 4.) Movant also signed the motions, which stated he was in agreement with the requested continuances. (*See* doc. 14 at 2; doc. 17 at 2; doc. 19 at 4.) For each motion, the Court found that the continuances were necessary for the defense to have more time to review the discovery provided and any further discovery and to allow the defense adequate time to review the facts and law and to consider the appropriate course to take. The Court found that the ends of justice served by granting the continuances outweighed the interests of the public and Movant in a speedy trial. It also found that the continuances were necessary for the defense and the Government to effectively prepare for trial. (*See* doc. 16 at 1; doc. 18 at 1; doc. 20 at 1.)

Movant has not shown that the trial court erroneously determined that the continuances were necessary under § 3161(h)(7)(A), (B). He has not overcome the presumption that counsel's strategy in seeking the continuances was sound. He also assumes, without alleging facts that show, that the

7

government would have been unable to try him within the statutory period if counsel had not moved for continuances and that the case would have been dismissed. He has not shown a reasonable probability that the outcome of his case would have been different, or deficient performance or prejudice.

**B.     Consult and Adversarial Testing**

Movant contends counsel failed to consult with him about a conditional guilty plea or plea of *nolo contendere*, to discuss trial strategy with him, and to subject the Government's case to adversarial testing.

   *1.     Consultation*

Movant appears to allege counsel did not advise him about the availability of a conditional guilty plea or a plea of *nolo contendere*. "A defendant may enter a conditional guilty plea '[w]ith the consent of the court and the government ... reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion'. Fed. R. Crim. P. 11(a)(2)." *United States v. Varela*, No. 15-50885, 2016 WL 6109336 at *1 (5th Cir. Oct. 19, 2016). He claims he could have pled *nolo contendere* without admitting guilt. *See* Fed. R. Crim. P. 11(b).

Movant pled not guilty. He does not explain why the availability of a conditional guilty plea or plea of *nolo contendere* would have changed his decision to plead not guilty. He has not claimed that he pled not guilty because he wanted to appeal the denial of a pretrial motion, but that he would have agreed to a conditional guilty plea that would have allowed him to do so. The record does not show that any pretrial motion was denied. Further, although a plea of *nolo contendere* would not have required him to admit his guilt, he would still have been found guilty in the same manner as with a regular plea of guilty. He has not explained why he would have pled *nolo contendere* after

8

he decided not to plead guilty. He has not shown deficient performance or prejudice.

### 2. *Trial strategy and adversarial testing*

Movant asserts counsel did not discuss trial strategy with him and did not subject the Government's case to adversarial testing. "Although there are basic rights that the attorney cannot waive without the fully informed and publicly acknowledged consent of the client, the lawyer has—and must have—full authority to manage the conduct of the trial. The adversary process could not function effectively if every tactical decision required client approval." *Taylor v. Illinois*, 484 U.S. 400, 417-18 (1988) (footnote omitted). Moreover, Movant does not allege how counsel's trial strategy or actions at trial were deficient. He does not allege that consultation with counsel would have aided in developing additional evidence or defenses or how he was prejudiced. His conclusory claim does not entitle him to relief. *Woods*, 870 F.2d at 288 n.3.

**C.     Psychosexual Evaluation**

Movant asserts counsel failed to have him undergo a psychosexual evaluation.

Counsel has a duty to make reasonable investigations or to make a reasonable decision that particular investigations are unnecessary. *See Moore v. Johnson*, 194 F.3d 586, 616 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 691). To establish that an attorney was ineffective for failure to investigate, a petitioner must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial. *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005).

Petitioner does not allege what the results of a psychosexual evaluation would have been, or how those results would have altered the outcome of his case. *See Burns v. Epps*, 342 F. App'x 937, 939 (5th Cir. 2009) (no showing of ineffective assistance for failing to obtain a psychological

9

expert where defendant did not specifically indicate what assistance the expert could have provided). His conclusory claim does not entitle him to relief. *Woods*, 870 F.2d at 288 n.3. He has not shown deficient performance or prejudice.

**D.** **Bench Trial**

Movant contends he asked counsel to seek a bench trial, but counsel did not submit a jury waiver from him and told him that the Government did not want a bench trial. Rule 23(a) of the Federal Rules of Criminal Procedure provides that "[i]f the defendant is entitled to a jury trial, the trial must be by jury unless: (1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the court approves."[2] Movant has not shown that the Government would have consented to a bench trial. Counsel was not deficient for failing to submit a waiver of a jury trial under those circumstances. Movant has not shown deficient performance or prejudice.

**E.** **Special Conditions of Supervision**

Movant contends counsel failed to object to overbroad and onerous special conditions of supervised release.

On appeal, Movant contended the special conditions of supervision were onerous and a greater deprivation of liberty than necessary. He specifically challenged the conditions

> (1) restricting his use of computers and the internet, (2) banning him from contact with persons under the age of 18, (3) banning him from places where children may frequently congregate, (4) conditionally restricting him from dating or befriending anyone with children under the age of 18 who live at home, (5) banning him from possessing sexually oriented or sexually stimulating materials of adults, (6) banning him from patronizing any place where sexually oriented or sexually stimulating materials are available, and (7) requiring him to participate in treatment programs that may include psycho-physiological testing and prescribed medications.

---

[2] The Government responds that under *United States v. Johnson*, 496 F.2d 1131 (5th Cir. 1974), there is no constitutional right to a bench trial. (*See* doc. 6 at 18.) A defendant can obtain a trial before the court without a jury under Rule 23(a), but not as a matter of a constitutional right.

*See United States v. Cortez*, 543 F. App'x 411, 412 (5th Cir. 2013). The Fifth Circuit noted that there were no objections to the special conditions, so they were reviewed for plain error. *Id*. It held that the condition requiring him to participate in treatment programs was not ripe for appeal. *Id*. As to the remaining conditions, the Fifth Circuit held that "[g]iven [Movant's] solicitation offense, and the pornography found on his computer, the district court did not err, much less commit plain error, in imposing those conditions." *Id*.

Defendants who collaterally attack their federal convictions may not raise grounds previously raised on direct appeal. *United States v. Rocha*, 109 F.3d 225, 229–30 (5th Cir. 1997). "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir.1980)) (claims raised and resolved in a prior appeal may not be revisited on collateral review). Here, the Fifth Circuit rejected the underlying basis of this claim by holding that the special conditions were not erroneous. For this reason, any objection would have been without merit. Movant has not shown deficient performance or prejudice, and he is not entitled to habeas relief on this basis.

## IV. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Petitioner contends appellate counsel was ineffective for failing to raise a winning issue.

The federal constitution also guarantees a criminal defendant the effective assistance of counsel on appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Whether appellate counsel has been ineffective is also determined under *Strickland*. The movant must show a reasonable probability that but for his counsel's deficient representation, he would have prevailed on his appeal. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.' "*United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462–63 (footnote and citations omitted). To determine whether appellate counsel was deficient, courts must consider whether the challenge "would have been sufficiently meritorious such that [counsel] should have raised it on appeal." *Phillips*, 210 F.3d at 348.

Movant has not identified any issue that appellate counsel should have raised. His conclusory claim does not entitle him to relief. *Woods*, 870 F.2d at 288 n.3. He has not shown deficient performance or prejudice.

### V.  CRUEL AND UNUSUAL PUNISHMENT

Movant contends his sentence constitutes cruel and unusual punishment.

The Supreme Court has clearly established that the Cruel and Unusual Punishment Clause of the Eighth Amendment prohibits "sentences for terms of years" that are "grossly disproportionate" to the offense. *See Lockyer v. Andrade*, 538 U.S. 63, 72 (2003). "[T]he Guidelines are a 'convincing objective indicator of proportionality.'" *United States v. Mosquera-Valois*, 592 F. App'x 320, 222 (5th Cir. 2015) (citing *United States v. Cardenas–Alvarez*, 987 F.2d 1129, 1134 (5th Cir. 1993).

Here, the guideline range was 324 months to 405 months for count one, and the mandatory

12

consecutive sentence for count two was ten years. (*See* doc. 73 at 3-4.) The Court departed downward and assessed a 240-month sentence, along with the mandatory ten-year sentence for count two, resulting in a total sentence of 360 months' imprisonment. (*See id*. at 40.) The sentence was below the guideline range and not grossly disproportionate to the offenses. *See United States v. Montes*, 553 F. App'x 449, 450 (5th Cir. 2014) (sentence within guideline range was not grossly disproportionate to the offense). Movant has not shown his sentence was cruel and unusual.

## VI. RECOMMENDATION

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SO ORDERED** this 31st day of October, 2016.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE